Plaintiffs, Leslie LeBlanc, Joseph G. Landry, Melvin L. Hollie, Emery Larpenteur, Raymond Martin, Joseph Gremillion, Charles Oshell, Leslie L. Smith, Sr., Peter Couchis, Jr., Sidney Bourg, Henry J. Boudreaux and Joseph O. Suer, property owners in the Claiborne Gateway Subdivision, which is located in the Parish of Jefferson, Louisiana, brought this action against defendants, Joseph Palmisano and John Mongogna, requesting injunctive relief to prohibit defendants from erecting a tourist court on their property which allegedly violates a title restriction or covenant running with the land.
The record reflects that the Claiborne Gateway Subdivision was created by the Claiborne Avenue Extension Realty Company, Inc., on or about May 11th, 1925. Plaintiffs owned certain property in Squares A and B of the subdivision. Defendants owned lots 1, 2, 3, 4, 30 and 31 in Square B of the subdivision and were, at the time of the institution of this suit, in the process of erecting thereon a tourist court. Plaintiffs seek to enjoin defendants from using the said property for commercial purposes and from erecting any building within ten feet of the front property line along Jefferson Highway or Rencopas Court, and base their action upon the restriction contained in the titles of the plaintiffs and in the title of the predecessors in title of defendants, the principal portion of which reads as follows:
1. "No building shall be constructed to cost less than two thousand dollars. No commercial property shall be permitted to be constructed or occupied as such on this property except by written consent of the Claiborne Avenue Extension Realty Company, Inc.
2. "That the said purchaser further agrees and binds himself, his successors and assigns that the building line of the property is hereby fixed and shall not be less than ten feet back from and parallel *Page 265 
with the front line of said property, and neither the purchaser, his successors or assigns shall ever erect any buildings closer than said ten feet from property line."
For the purpose of easy reference and identification we have marked these restrictions as 1 and 2.
Defendants filed exceptions of no cause or right of action leveled at the restriction hereinabove referred to as No. 1. The exception was argued, submitted and overruled. Subsequently the cause was tried on its merits and the court rendered judgment restraining and enjoining the defendants from erecting any building within ten feet of the front property line along Jefferson Highway on the lots described as 1, 2, 3 and 4 of Block B, and further restraining the defendants from erecting any building within ten feet from the front property line along Rencopas Court on lots described as 30 and 31 of Block B, Claiborne Gateway Subdivision. The court denied the application of the plaintiffs to restrain the defendants from erecting commercial buildings upon the property described in their petition and belonging to the defendants. Plaintiffs have appealed devolutively from that part of the judgment denying their application to restrain defendants from erecting commercial buildings upon their property.
Defendants contend that the exceptions of no right or cause of action directed against restriction No. 1 should have been maintained by the court, a qua, and point out that a casual reading of that clause indicates that it is not a covenant running with the land, but is a personal covenant between the vendor, Claiborne Avenue Extension Realty Company, Inc., and Henry M. Rahders, the predecessor in title of defendants, Palmisano and Mongagno.
In our opinion the trial judge properly overruled this exception inasmuch as plaintiffs' petition did state a cause of action with respect to the restriction which we have designated for identification as No. 2.
Plaintiffs maintain that the sole and only questions at issue on appeal are whether or not (1) plaintiffs have waived and abandoned any right to enforce the restriction because of a general commercial development of this subdivision and (2) whether the restrictions have been abrogated because the property of defendants has been used commercially for more than two years in accordance with the provisions of Act No. 326 of 1938.
In our opinion the primary question with which we are here concerned is whether the restriction contained in the paragraph which we have marked 1, is in the nature of a covenant running with the land. If we should conclude that the restriction "no commercial property shall be permitted to be constructed or occupied as such on this property except by written consent of the Claiborne Avenue Extension Realty Company, Inc." was a convenant running with the land, then, in that event, the questions propounded by the plaintiffs would have great significance.
"The law is clear that building restriction clauses constitute real rights, not personal to the vendor, and inure to the benefit of all other grantees under a general plan of development, and are real rights running with the lands; and that the remedy of the other grantees to prevent a violation of the restrictions by another is by injunction. Queensborough Land Company v. Cazeaux et al., 136 La. 724, 67 So. 641, L.R.A. 1916B, 1201, Ann.Cas. 1916D, 1248; Hill v. Wm. P. Ross, Inc.,166 La. 581, 117 So. 725, and Ouachita Home Site Realty Co. v. Collie et al., 189 La. 521, 179 So. 841." Edwards v. Wiseman, 198 La. 382, 3 So.2d 661, 663.
In our opinion, however, a casual reading of this restriction indicates that it is not a covenant running with the land, but is a personal covenant between the vendor, Claiborne Avenue Extension Realty Company, Inc., and Henry M. Rahders, the predecessor in title of defendants.
A covenant runs with the land when not only the original parties or their representatives, but each successive owner of the land, will be entitled to its benefit, or be liable, as the case may be, to its obligations. It is so called when either the liability to perform it or the right to take *Page 266 
advantage of it passes to the assignee of the land. Real covenants relate to realty and have for their main object some benefit thereto, inuring to the benefit of and becoming binding on subsequent grantees, while personal covenants do not run with the land. Whether or not certain property in this subdivision shall be used for commercial purposes is contingent entirely upon the caprice of the Claiborne Avenue Extension Realty Company, Inc., and, therefore, this covenant did not run with the land for the benefit of the purchasers or grantees of property in this subdivision.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.