LANDRY, Judge.
Plaintiff herein, Herbert J. Leonard, lessee of Ellis and Ruth Brown Thibodaux, instituted this action against defendants, Floyd and Margaret Lavigne, assignees of plaintiff’s lessor, to enjoin violation of a restrictive covenant contained in plaintiff’s lease prohibiting the use of adjoining property for business purposes competitive to those engaged in by plaintiff on the premises leased from Mr. and Mrs. Thibodaux. The trial court dismissed plaintiff’s demands and plaintiff has appealed.
The parties hereto are in substantial agreement regarding the facts and circumstances leading to the present suit. The sole issue before the court on this appeal is one of law, namely, whether the covenant in the lease from Mr. and Mrs. Thi-bodaux to appellant, restricting the use of said lessors’ adjoining property is a personal right enforceable only against plaintiff’s lessor or whether same is a real right running with the land and consequently binding and obligatory upon appellees as assigns of plaintiff’s lessors.
By written instrument dated February 16, 1960, duly recorded February 19, 1960, plaintiff leased from Ellis and Ruth Brown Thibodaux, a certain parcel of land for a period of five years commencing February 16, 1960 and ending February 16, 1965, with the option of renewal for an additional period of five years. The lease in question covered a plot of ground measuring 150 feet front on the north side of U. S. Highway 190 by a depth and front of 75 feet along the west side of Thibodaux Road. Situated on the lot at the time of the lease was a service station which, with its appurtenances, was expressly included in the rental agreement. The terms of the lease provide for rental in the sum of 1]/2‡ per gallon on all gasoline sold on the premises and granted lessee the right and privilege of installing any and all necessary gasoline tanks, pumps and other equipment necessary and incident to the operation of a gas station.
The lease in question contains and includes the following restrictive covenant and provisions :
“The lessors hereby bind and obligate themselves, their heirs and assigns not to sell or lease all or any part of the adjoining premises owned by them to any other person, firm or corporation for the purpose of engaging in a competitive business with this lessee and said lessors further obligate and bind themselves not to enter into any such business during the life of this lease or any extension hereof.
“For the purpose of better identification of the property herein leased, the same is hereby declared to be a portion of a 20 acre tract owned by lessors and located in the Northwest Quarter of Northwest Quarter of Southeast Quarter of Section 13, and in the Northeast corner of the Northeast quarter of Southeast quarter of Section 14, all in Township 7 South, Range 8 East, in Tangipahoa Parish, Louisiana.”
Subsequent to execution and recordation of appellant’s lease, namely, on April 21, 1961, the Thibodauxs sold to defendants herein, Floyd and Margaret Lavigne, the following described property:
“A certain tract or parcel of land in the Parish of Tangipahoa, State of Louisiana, more particularly described as 6.66 acres of land in the SE54 Section 14, T 7 S, R 8 E, and being more particularly described as follows, to-wit: Commencing at a point 20 feet west and 219.7 feet south of the northeast corner of said SEJ4 and measure South along west margin of Highway 646.7 feet to corner of Church land; thence West 478.4 feet to another corner of same; thence North 586.3 feet to South margin of Paved Highway Right of Way; thence along same in a curve approximately North 82 deg. 45 Min. east 483.3 feet more or less to the point of beginning. All as per *546 survey by C. M. Moore, dated April 13, 1961.”
Defendants’ deed, recorded April 28,1961, (subsequent to recordation of plaintiff’s lease) makes no mention of the hereinabove quoted restrictive covenant contained in the lease granted appellant by the Thibodauxs. It is conceded defendants commenced construction of a service station upon the site purchased from the Thibodauxs and plaintiff’s suit seeks the issuance of an injunction to prohibit said construction and the use of said premises as a service station on the ground such use is violative of appellant’s rights under his lease.
It appears the majority of jurisdictions recognize and enforce, under certain circumstances, restrictive covenants affecting other properties of a lessor. In this connection we quote with approval the following applicable language appearing in 51 C.J.S. Landlord and Tenant § 238, pages 865-867, to-wit:
“§ 238. — Restrictive Covenant Affecting Other Property of Lessor and Grant of Exclusive Privilege
“A restrictive covenant as to property retained by the lessor may be created by a clearly expressed intention to that effect in the lease. Such a covenant should be strictly construed. The covenant may be enforced by the original lessee or his assignee, and is binding on a subsequent lessee or his assignee with notice.
“In order to create a restrictive covenant by the lessor as to property retained by him, the intention so to restrict must be clearly expressed, and ordinarily cannot be implied or inferred. A covenant or agreement by the lessor not to lease the retained property for the purpose of conducting a business in competition with the lessee is legal and valid, but it must be positively expressed and, being in restraint of trade, must be strictly construed. Such a restrictive covenant, even though it is a personal covenant, should not be given a construction which extends it beyond the literal meaning of the terms; if such terms are capable of two constructions, the one that limits the covenant should be adopted, and if the right to enforce the covenant as to other property is doubtful such right will be denied. In construing a lessor’s restrictive covenant the court may consider the surrounding circumstances at the time the lease was entered into; and, where the covenant provides that the lessor shall not lease the property retained by him for the purpose of conducting a business in competition with that of the lessee, the court may also consider the business which the lessee and covenantee was to carry on.
“Persons bound or entitled to enforce. It has been held that the lessor’s covenant not to engage in a competitive business does not run with the land; but a covenant which restricts the lessor from leasing other parts of his premises for certain purposes runs with the land, and is not personal to the contracting parties, particularly where the lease further provides that it shall be binding on the parties’ successors. Such a covenant may be enforced by the lessee or his assignee, and is binding on a subsequent lessee or grantee of the retained property or his assignee with notice or on a subsequent lessee who has expressly covenanted so to limit the use of the premises leased to him as not to violate the rights of the prior lessee and covenantee.”
Our own appellate courts have endorsed the principle that a covenant runs with land and is characterized as a real right enforceable against the heirs, assigns and transferees of an owner or lessor, as distinguished from a personal right binding upon the vendor or lessor only, when, by the terms of the covenant, it is binding upon successive owners of the land who are entitled to the benefits thereof or who take *547 subject to the obligation imposed. The rule in our own jurisdiction is clearly set forth in LeBlanc et al. v. Palmisano et al., 43 So.2d 263, wherein we note the following:
“ ‘The law is clear that building restriction clauses constitute real rights, not personal to the vendor, and inure to the benefit of all other grantees under a general plan of development, and are real rights running with the lands; and that the remedy of the other grantees to prevent a violation of the restrictions by another is by injunction. Queensborough Land Company v. Cazeaux et al., 136 La. 724, 67 So. 641, L.R.A.1916B, 1201, Ann.Cas.1916 D, 1248; Hill v. Wm. P. Ross, Inc., 166 La. 581, 117 So. 725, and Ouachita Home Site & Realty Co. v. Collie et al., 189 La. 521, 179 So. 841.’ Edwards v. Wiseman, 198 La. 382, 3 So.2d 661, 663.
“In our opinion, however, a casual reading of this restriction indicates that it is not a covenant running with the land, but is a personal covenant between the vendor, Claiborne Avenue Extension Realty Company, Inc., and Henry M. Rahders, the predecessor in title of defendants.
“A covenant runs with the land when not only the original parties or their representatives, but each successive owner of the land, will be entitled to its benefit, or be liable, as the case may be, to its obligations. It is so called when either the liability to perform it or the right to take advantage of it passes to the assignee of the land. Real covenants relate to realty and have for their main object some benefit thereto, inuring to the benefit of and becoming binding on subsequent grantees, while personal covenants do not run with the land. Whether or not certain property in this subdivision shall be used for commercial purposes is contingent entirely upon the caprice of the Claiborne Avenue Extension Realty Company, Inc., and, therefore, this covenant did not run with the land for the benefit of the purchasers or grantees of property in this subdivision.”
In urging our .reversal of the judgment rendered below, learned counsel for appellant relies heavily upon Belvin v. Sikes, La.App., 2 So.2d 65, which involved an action by a lessee against his lessors for breach of a covenant binding lessors to protect lessee against competition in certain lines of business. In the Belvin case, supra, the court stated:
“It is obvious that without the stipulation in the lease guaranteeing Belvin against competition in the character of business he intended to and did in fact institute upon the leased land, he would not have entered into the contract. That provision was the essence of the agreement. The lessors not only obligated themselves to abstain from such competition, but, in legal effect, also bound themselves not to allow others to do so on any land they owned on the lake. Relying upon the binding effect of said stipulation, Belvin expended considerable money to equip the land with improvements suitable to accommodate the character of patronage he hoped to and did receive thereafter. In these circumstances the equitable in-junctive relief was available to him. He could not adequately protect his rights save by resort to this character of .relief. To allow the competition to continue meant the destruction of his own business. Eugene Dietzgen Company v. Kokosky, 113 La. 449, 37 So. 24, 66 L.R.A. 503; Moorman & Givens v. Parkerson, 127 La. 835, 54 So. 47; Vonderbank v. Schmidt, 44 La.Ann. 264, 10 So. 616, 15 L.R.A. 462, 32 Am.St.Rep. 336; May v. Johnson, et al., 13 La.App. 521, 128 So. 540.”
On the other hand, however, able counsel for appellees maintains the Belvin case is inapposite since, according to counsel, it is readily distinguishable from the case *548 at bar. In this regard, astute counsel for appellees points out that the Belvin case involved an action by a lessee against his lessor who personally assumed the obligation therein sought to be enforced whereas in the instant case appellant prays for in-junctive relief against appellees notwithstanding appellees’ deed contains no restrictions whatsoever. Countering this contention of appellees, esteemed counsel for appellant argues prior recording of appellant’s lease constituted constructive notice to defendants who thereby became bound by and took the property subject to the covenant in question.
■Granting, as contended by counsel for appellees, the Belvin case, supra, is not on all fours with the present matter because of the factual distinction herein previously shown, nevertheless, the views therein expressed represent the established and settled jurisprudence of this state and are apropos the case at bar insofar as they concern the effect and enforceability of real covenants or covenants running with land as differentiated or distinguished from personal covenants or obligations.
We find no merit in the contention of learned counsel for appellees to the effect LeBlanc v. Palmisano, La.App., 43 So.2d 263, is decisive of the case at bar. The Le-Blanc case, supra, was an action by an as-signee of a corporate subdivision owner against another transferee of or purchaser from the same owner, to enforce a restriction prohibiting commercial use of property in a certain subdivision. In essence the court therein held the covenant involved was personal and not one running with the land for the reason use of the property for commercial purposes lay within the discretion of the owner considering the restriction sought to be enforced stipulated the property conveyed could not be devoted to commercial use except upon written consent of the vendor.
Holloway v. Ransome, 216 La. 317, 43 So.2d 673, relied upon by appellees is easily and clearly distinguishable from the case at bar. The Holloway case involved an action by a lot owner in a subdivision against another lot owner to enjoin commercial use of defendant’s lot; both plaintiff and defendant therein having purchased from a common author. Plaintiff’s deed contained a restriction against commercial use whereas defendant’s deed included no such provision. On trial of the case, plaintiff introduced in evidence his own deed and deeds to certain other owners, not parties to the suit, all of which contained restrictions against commercial use. Defendant, however, introduced his own deed and deeds to certain other owners, not parties to the suit, none of which contained the restrictions included in plaintiff’s deed. The Supreme Court found there was no restriction in defendant’s deed nor in defendant’s chain of title and further observed defendant’s deed contained the express provision the property could be utilized for commercial purposes. Under the circumstances shown, the court therein correctly concluded plaintiff was not entitled to the injunctive relief sought.
In the instant case the covenant is clearly one running with the land considering it expressly binds the heirs and assigns of appellant’s lessors. In clear and unmistakable language the covenant was made binding and obligatory not only upon Ellis and Ruth Brown Thibodaux as lessors of appellant, but also upon their heirs and assigns. Such language can only indicate intention that the obligation assumed would pass with the land to successive owners or transferees of the Thibodauxs. Clearly, therefore, all successive owners were bound thereby and took subject to the previously recorded restriction. Failure of the Thibo-dauxs to include the reservation in their deed to defendants herein is of no moment. The restriction in question appears in defendant’s chain of title considering its inclusion in a previously recorded instrument executed by defendants’ immediate author in title. Under such circumstances defendants purchased with constructive notice of the limitation and are bound thereby.
*549 Likewise without merit is appellee’s contention the restriction is unenforceable for alleged vagueness in that appellant’s lease reputedly does not specify what types of business would be regarded as competitive to appellant. We note appellant’s lease provides the rental shall be 11/2$ per gallon on all gasoline sold on the leased premises. In addition, lessee is therein given the right to install all tanks, pumps and other apparata necessary and incident to the proper operation of a service station and remove such equipment at the termination of the lease. The lease, therefore, indicates with reasonable certainty the use for which the leased premises was intended and proscribes any use competitive therewith.
Finally, appellees maintain their operation of a service station on the property purchased from Thibodaux is not competitive inasmuch as appellees are engaged in selling a different brand of gasoline from that dealt in by appellant and further because appellant is a bulk dealer or distributor whereas appellees are admittedly retailers of gasoline. In this regard it is conceded appellant does not personally operate a retail service station on the leased premises but has subleased the location to a third party.
Appellees’ contention their business is not competitive because appellees handle a different brand of gasoline is utterly without foundation. The sale of any brand of gasoline by defendants on the premises purchased from the Thibodauxs is in competition with the sale of gasoline on the leased premises notwithstanding the brand of gas handled by appellees is different from that sold on the premises rented appellant. The sale of similar products irrespective of the manufacturer, is calculated to lessen the volume of sales on the leased premises and constitutes competition which is restricted by the lease.
Appellant’s business is that of selling gasoline and petroleum products in bulk to retail outlets. The record indicates it is appellant’s practice to lease locations and sub-lease them to retail operators thus creating outlets for the sale and marketing of products sold and distributed by appellant. It is shown appellant spent approximately $1000 improving the leased premises prior to sub-letting them to an operator. Appellant, therefore, has a direct interest in the leased premises. Any competition which reduces or adversely affects the volume of sales on the leased premises is, therefore, in competition with appellant since it will directly affect and minimize the financial return accruing to appellant by virtue of the operation of the leased premises as a service station. Appellees’ operation of a service station on adjoining premises will, therefore, clearly have an adverse effect on appellant’s business and as such, constitues competition thereto.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment of the trial court in favor of ap-pellees, Floyd Lavigne and Margaret La-vigne, be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of plaintiff-appellant, Herbert J. Leonard, and against defendants, Floyd and Margaret Lavigne, enjoining, restraining and prohibiting said defendants, their agents, employees, assigns and lessees from proceeding with the construction, operation or maintenance of an automobile service station upon the following described property acquired by said defendants from Ellis Thibodaux and Ruth Brown Thibo-daux, to-wit:
“A certain tract or parcel of land in the Parish of Tangipahoa, State of Louisiana, more particularly described as 6.66 acres of land in the SE/4 Section 14, T 7 S, R 8 E, and being more particularly described as follows to-wit: Commencing at a point 20 feet West and 219.7 feet South of the northeast Corner of said SE/4 and measure South along West margin of Highway 646.7 feet to corner of Church land; thence West 478.4 feet to another corner of same; thence North 586.3 feet to South margin of Paved Highway Right *550 of Way; thence along same in a curve approximately North 82 deg. 45 min. East 483.3 feet more or less to the Point of Beginning. All as per survey by C. M. Moore, dated April 13, 1961.”
It is further ordered, adjudged and decreed that all costs incurred in the trial below as well as all costs of this appeal be paid by defendants, Floyd and Margaret Lavigne.
Reversed and .rendered.
REID, J., recused.