**Betty Judd LEVERT, wife of Robert Louis Levert, Jr.**

v.

**Robert Louis LEVERT, Jr.**

No. 46987.

March 19, 1964.

Bienvenu & Culver, by Robert N. Ryan, New Orleans, for Betty Judd Levert.

Garrett & Carl and Ogden, Woods, Henriques & Rives, by Clifton S. Carl, New Orleans, for Robert Louis Levert, Jr

HAMITER, Justice.

On motion of Betty Judd Levert and Robert Louis Levert, Jr. appearing herein through their undersigned counsel, and on suggesting to the Court that they have settled their differences and that they desire that the application for writ which was granted herein, 245 La. 98, 157 So.2d 236, be dismissed.

It is ordered by the Court that the application for writs which was granted herein be now dismissed and that the record be returned to the Court of Appeal for the Fourth Circuit, State of Louisiana, 156 So. 2d 284.

162 So.2d 341

**Herbert J. LEONARD**

v.

*Floyd LAVIGNE and Mrs. Margaret Lavigne.*

No. 46852.

March 30, 1964.

Ponder & Ponder, L. B. Ponder, Jr., Amite, for defendants-relators.

Reid & Macy, Robert R. Reid, Hammond, for plaintiff-respondent.

FOURNET, Chief Justice.

The plaintiff, Herbert J. Leonard, who was operating a service station on a corner lot situated on U. S. 190 and Thibodaux Road in Tangipahoa Parish under a writ-ten lease[1] executed by Ellis and Ruth Brown Thibodaux—in which is contained a stipulation that lessors bound "themselves, their heirs and assigns * * * not to sell or lease all or any part of the adjoining" property owned by them to anyone who would engage in a competitive business during the period of the lease, and not to do so themselves—instituted these proceedings against Floyd and Margaret Lavigne to enjoin them from constructing, operating, or maintaining a filling station across the highway from him on land purchased from Mr. and Mrs. Thibodaux in this same tract subsequent to the date of his lease,[2] claiming this was violative of his lease contract.

The defendants excepted to the petition on the ground it disclosed neither a cause nor a right of action, and, answering, denied plaintiff was entitled to an injunction and called their vendors in warranty to insure they might recover any damages resulting from the issuance of such a writ.

The trial judge, being of the opinion that the stipulation in the lease above referred to was not a real obligation running with

---

1. Ellis and Ruth Brown Thibodaux owned a 20-acre tract of land in Tangipahoa Parish between Ponchatoula and Madisonville that is divided by U. S. 190. The property leased to Leonard on February 16, 1960 (recorded 3 days later), was part of this tract and on the north side of the highway. The lease was for a period of 5 years, with the privilege of renewal for an additional 5 years. The rental was 1 and ½¢ on each gallon of gasoline sold on the premises.

2. Mr. and Mrs. Thibodaux, by act of April 21, 1961, sold 6.66 acres of this tract to the defendants. This acreage was on the south side of U. S. 190, and thus across the highway from plaintiff. In the act there is no restriction whatever on the use of the land by the vendees, and no mention of the stipulation contained in the Leonard lease.

the land, as contended by plaintiff, but, in fact, an obligation personal to the plaintiff's lessors, maintained the exception and dismissed plaintiff's suit. On appeal to the Court of Appeal for the First Circuit this judgment was reversed and the plaintiff granted the injunction, as prayed for. See, 153 So.2d 544. The matter is now before us for a review of this decision on a writ of certiorari granted the defendants.

The appellate court, in concluding the stipulation in plaintiff's lease was a covenant running with the land, and, as such, binding on the Lavignes, relied primarily on the law universally obtaining in the common law states, and which is to the effect that "A restrictive covenant as to property retained by the lessor may be created by a clearly expressed intention to that effect in the lease. Such a covenant should be strictly construed. The covenant may be enforced by the original lessee or his assignee, and is binding on a subsequent lessee or his assignee with notice." 51 C.J.S. 865 § 238 under the heading "Landlord and Tenant."

While these rules of common law jurisprudence are sometimes persuasive, they are not controlling under our system of civil law, particularly since we have codal provisions that are to the contrary. We find that under the express provisions of our Revised Civil Code "When obligations are attached to immovable property, they * * are called real obligations." Article 2010. They are "created by condition annexed to

the alienation of real property" and are "susceptible of all the modifications that the will of the parties can suggest, except such as are forbidden by law." Article 2013. These include "leases and all other rights, which the owner had imposed on his land before the alienation of the soil," and "accompany it in the hands of the person who acquires it, although he have made no stipulation on the subject, or they be not mentioned in the act of transfer." Article 2015. These real obligations have been likened in the jurisprudence to the "nonapparent servitudes" having no exterior sign of their existence, as described in Article 728, and which, under the provisions of Article 766, can be established only by a title. See, Holloway v. Ransome, 216 La. 317, 43 So.2d 673; McGuffy v. Weil, 240 La. 758, 125 So.2d 154; and the authorities therein cited.

While the law favors the free and unrestrained use of immovable property, and any doubt in the interpretation of documents dealing therewith are resolved in favor of the landowner, the real obligation must be clearly apparent from the title documents themselves. The stipulation in the contract of lease does not create a real obligation upon the land itself, but is clearly an obligation the lessors placed upon themselves. Consequently, whatever right the plaintiff has for the breach of this obligation must be exercised against his lessors.

The case asserted by counsel representing the plaintiff to be on all fours with the instant one La.App., Blevin v. Sikes, 2 So.2d 65, is clearly without application here, for, as pointed out by the trial judge in his reasons for judgment, the case concerned "a violation of a restriction contained in a lease by one of the parties to the lease."

For the reasons assigned, the judgment of the district court is affirmed, at plaintiff's cost.

162 So.2d 343