HAWTHORNE, Justice.
Respondent Harold E. Higgins, Jr., employed as an operating engineer with permanent civil service status by the Department of Institutions at the Louisiana State Penitentiary, was removed from this position by the warden of the penitentiary. He perfected a timely appeal to the Civil Service Commission, and after the hearing of this appeal the Commission concluded that his removal was justified and accordingly dismissed his appeal. The employee then appealed to the Court of Appeal, First Circuit, and that court annulled, reversed, and set aside the ruling of the Civil Service Commission and ordered that Higgins be reinstated in his civil service position “with full back pay from the date of termination of his employment until reinstatement”. See La.App., 154 So.2d 570. From this judgment the Department of Institutions applied to this court for a writ of certiorari.
In its application relator contends that the Court of Appeal did not follow R.S. 49:113, Act of 191 of 1960, which provides:
“Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.”
*345 This court granted the writ but limited review to the applicability .of this act.[1]
This act of the Legislature is a mandate to the effect that when the appellate courts find that an employee in the state or city civil service has been illegally discharged, as the Court of Appeal has found in the instant case, the employee shall be entitled to be paid all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
Article 14, Section 15(0) (1), of the Constitution of this state provides that the decision of the Civil Service Commission shall be final on the facts. Under this provision an appeal from a decision of the Commission to the appellate court having jurisdiction lies only on questions of law. Whether a dismissed employee in the civil service had private employment during the period of separation and what was the amount of wages and salaries earned by him in private employment are questions of fact, of which this court under the above cited provision of the Constitution is without jurisdiction. The question of law before us, however, is whether the Court of Appeal erred in failing to order that the employing authority might offset the amount of wages and salaries owed to Higgins during the period of illegal separation by any amount he might have earned in private employment during that period.
Relator, the Department of Institutions, urges this court to remand the case to the Civil Service Commission so that it might determine the questions of fact.[2] Under our view of the case, however, a remand to the Civil Service Commission for this purpose is not necessary, for we can give full effect to the mandatory provision of R.S. 49:113 by simply amending the decree of the Court of Appeal to permit the employing authority to have the offset or credit provided in the act. Under this amended decree the employing authority will be fully protected because when it pays to the employee the wages withheld during the period of illegal separation, it may offset against them all wages, if any, earned by the employee in private employment during that period.
The respondent employee contends that R.S. 49:113 is completely inoperative because the Legislature has failed to enact a means for its implementation, that is, has failed to provide a method for determining whether the employee was employed during the period of separation and, if employed, what amount of money he earned. He points out that “the act does not provide for the taking of testimony by any Court of quasi-judicial body or by the employing agency; nor does it provide for or require affidavits or any other self serving documents to be executed by the employee”.
This argument shows that the employing agency may be at a disadvantage in securing proof that salaries or wages were earned during the period of illegal separation so that it may credit and set them off in cases falling under the provisions of the statute; but this does not mean that the statute is completely inoperative. The mere fact that the statute does not provide a means of procedure for its implementation would not justify the court’s ignoring its mandate and refusing to order the offset or credit if under the law *346 the employing authority is entitled to the credit.
In the alternative respondent says that if R.S. 49:113 permits the court to remand this case to the Civil Service Commission for the taking of evidence as to wages earned during the period of separation, the act is unconstitutional as being in conflict with Article 14, Section 15(0) (1); that since the act, as stated by respondent, “does not provide any means for determining whether an employee has earned wages during his separation, the Appellate Courts of this State have the only authority to order reinstatement with or without back pay”. The article of the Constitution with which respondent says the act is in conflict makes the decision of the Commission final on the facts, and provides for an appeal to the court only on questions of law. We are at a loss to understand how a remand by an appellate court to a fact-finding body for the taking of testimony it considers necessary to apply the law governing the case would he unconstitutional because the fact-finding body’s decision on the facts is final and the appeal is limited to questions of law only. Moreover, our decree in the instant case amending the judgment of the Court of Appeal without remand disposes of this argument.
Respondent Higgins in brief filed in this court urges other reasons why the judgment of the Court of Appeal should be affirmed. He cites no authority in support of his arguments here, and we find them to be without merit.
For the reasons assigned the decree of the Court of Appeal is amended so as to read as follows:
“ * * * and it is accordingly ordered, adjudged and decreed that the ruling of the Civil Service Commission of the State of Louisiana is hereby reversed, annulled and set aside and it is ordered that appellant be reinstated in his Civil Service position with the Department of Institutions with full back pay from the date of termination of his employment until reinstatement, against which amount shall be credited and set-offi all wages and salaries earned by the employee in private employment in the period of separation.”
Respondent Higgins is to pay all costs-incurred in this court.

. Tlie judgment of the Court of Appeal ordering the discharged employee Higgins to be reinstated is final and is not before this court in these proceedings.

. To grant relator’s request for a remand to the Commission would mean that every case where the appellate court reverses the holding of the Commission sustaining a discharge or dismissal and finds the discharge or dismissal to be illegal would have to be remanded to the Commission even if there was no dispute or controversy between the employing authority and the employee as to earnings or credits.