AYRES, Judge.
This is an action instituted by plaintiffs, husband and wife, d. b. a. Wolfe’s Family Shoe Store in the Southside Village Shopping Center, against North Shreveport Development Company and United Shoe Stores Company of Louisiana, Inc. The latter is the owner and operator of Regent’s Casual Shop, a subsequent lessee of premises adjoining those of plaintiffs. Plaintiffs seek an injunction against both defendants prohibiting and enjoining the continued operation of the “casual shop” in an alleged violation of a noncompetitive term in plaintiffs’ lease, and, in the alternative, seek the recovery of damages from the North Shreveport Development Company occasioned by the alleged violation. Exceptions of no cause or right of action were filed by both defendants. The exception filed by the North Shreveport Development Company was referred to the trial of the case on its merits. The exception urged on behalf of defendant United Shoe Stores Company of Louisiana, Inc., was sustained and, as to that defendant, plaintiffs’ action was dismissed. From the judgment, plaintiffs appealed.
Plaintiffs operate a family type shoe store on premises in Southside Village Shopping Center under an assignment of a lease from North Shreveport Development Company to Abbott-Brown Co., Inc. This lessor and the successor to the lessee joined in the assignment. The original lease and its assignment are duly recorded in the conveyance records. The lease contains a provision reading:
“THE HEREIN leased premises are to be used for the following purposes by Lessee and none other, viz.,: To operate a family type retail shoe store in South-side Village Shopping Center. Lessor agrees that no other space in Southside Village Shopping Center shall be used for the primary purpose of operating a shoe store during the effective term or any extension of this lease, upon the condition, to which Lessee agrees, that Lessor may from time to time authorize other lessees to sell shoes incidental to the sale of other merchandise.”
The pleadings disclose that notwithstanding the above-quoted provision of the lease North Shreveport Development Company, in 1967, leased premises in South-side Village Shopping Center, adjoining *150 that leased to and occupied by plaintiffs, to the United Shoe Stores Company of' Louisiana, Inc. That lessee began operation of Regent’s Casual Shop about October 10, 1967. The operation of the “casual shop,” in which not only casual wear but shoes are sold, is alleged to be in conflict with and in violation of the terms of the lease under which plaintiffs operate, notwithstanding the use of the adjoining property was restricted in the lease to the United Shoe Stores Company of Louisiana, Inc., for the “operation of a ladies’ ready-to-wear for women’s, misses’ and children’s clothes and accessories, including, but not limited to, shoes, handbags, jewelry, and similar items of wearing apparel.”
Important to appellees’ exception is the nature of plaintiffs’ rights under the contract of lease, that is, whether such rights are real, running with the land, or personal. A lessee’s rights under a predial lease are classified in the civil-law tradition as personal rights as distinguished from real rights. Such rights have been described as rights ad rem, or upon the thing, since they include the right to use and enjoy the land. Columbia Gulf Transmission Company v. Hoyt, 252 La. 921, 215 So.2d 114, 120 (1968); Leonard v. Lavigne, 245 La. 1004, 162 So.2d 341 (1964). See, also: 25 La.L.Rev. 310.
In the Leonard case, plaintiff operated a service station on a corner lot at the intersection of U. S. Highway 190 and Thibodaux Road in Tangipahoa Parish under a written lease executed by Ellis and Ruth Brown Thibodaux in which lease there was contained a stipulation that lessors bound “themselves, their heirs and assigns * * * not to sell or lease all or any part of the adjoining” property owned by them to anyone who would engage in a competitive business during the period of the lease, and not to do so themselves. The Thibodauxs, while plaintiff’s lease was in effect, sold a portion of their tract of land to Floyd and Margaret Lavigne who proposed to, and did, construct, operate, and maintain a filling station thereon across the highway from plaintiff’s place of business. In the act of sale there was no restriction on the use of the land to be made by the vendees and no mention of a stipulation contained in the Leonard lease. The court held that the covenant in the lease prohibiting the landlords from using adjoining property for business purposes competitive to those engaged in by the tenant, though the covenant expressly bound his heirs and assigns, was not a real obligation on the land itself, and the remedy for any breach lay against the landlords alone.
Appropriate here is the observation made by the court in the Leonard case to the effect:
“We find that under the express provisions of our Revised Civil Code ‘When obligations are attached to immovable property, they * * * are called real obligations.’ Article 2010. They are ‘created by condition annexed to the alienation of real property’ and are ‘susceptible of all the modifications that the will of the parties can suggest, except such as are forbidden by law.’ Article 2013. These include ‘leases and all other rights, which the owner had imposed on his land before the alienation of the soil,’ and ‘accompany it in the hands of the person who acquires it, although he have [sic] made no stipulation on the subject, or they be not mentioned in the act of transfer.’ Article 2015. These real obligations have been likened in the jurisprudence to the ‘nonapparent servi-tudes’ having no exterior sign of their existence, as described in Article 728, and which, under the provisions of Article 766, can be established only by a title. See, Holloway v. Ransome, 216 La. 317, 43 So.2d 673; McGuffy v. Weil, 240 La. 758, 125 So.2d 154; and the authorities therein cited.”
While as observed in the cited case, the law favors the free and unrestricted use of immovable property, and any doubt in the interpretation of documents dealing therewith is resolved in favor of the land *151 owner, “the real obligation must be clearly apparent from the title documents themselves. The stipulation in the contract of lease does not create a real obligation upon the land itself, but is clearly an obligation the lessors placed upon themselves. Consequently, whatever right the plaintiff has for the breach of this 'obligation must be exercised against his lessors.” (Emphasis supplied.) 162 So.2d 343.
The exception of no cause and of no right of action, filed and urged on behalf of United Shoe Stores Company of Louisiana, Inc., was properly sustained and, for the reasons assigned, the judgment appealed is accordingly affirmed at plaintiffs-appellants’ costs.
Affirmed.