DOMENGEAUX, Judge,
dissenting.
I respectfully submit that the majority opinion relies too heavily upon the common law jurisprudence of our sister states. Our Supreme Court in the case of Leonard v. Lavigne, 245 La. 1004, 162 So.2d 341 (1964), when reversing an appellate court in its reliance upon the law universally applied in common law states, stated that rules of common law jurisprudence, although sometimes persuasive, are not controlling when there are Civil Code provisions which are applicable.
Our Civil Code, I submit, sets forth the legal principles which should be applied to the facts of this case, as follows:
“Art. 1945 — Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
First —. . .;
Second —. .;
*1390 Third — That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;
Fourth —. . . . ”
“Art. 1946 — The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use.” “Art. 1957 — In a doubtful case the agreement is interpreted against him who has contracted the obligation.”
“Art. 1958 — But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee.”
In the instant case, other provisions of the insurance policy in question define “automobile” as a “land motor vehicle, trailer, or semi-trailer not operated on rails or crawler-treads . . . Under that definition, the vehicle in question fits the policy definition of “automobile.”
The defendant-insurer, which drafted the policy in question, attempts to limit or exclude the vehicle in question from coverage by using exclusionary language which states that an automobile does not mean “a farm type tractor or other equipment designed for use principally off public roads . .” I will admit that the vehicle in question is designed for use principally off public roads, but I do not subscribe to the proposition that the vehicle in question is “equipment,” as that word is commonly understood in the English language.
In the field of insurance coverage interpretation, words and phrases employed in a contract of insurance are to be construed, interpreted, and defined in their ordinary and popular sense, rather than in a technical, philosophical, or limited sense. The majority opinion quotes a definition of the word “equipment” found in Webster’s New World Dictionary of the English Language, Second Collegiate Edition. The third part of that definition refers to “equipment” as “goods used in providing service” and, in the field of transportation, gives as an example, the rolling stock of a railroad. It is not tenable to conclude that the racing car in question is “goods used in providing service.” In common parlance it is difficult to conceive that a racing car can logically be designated as “equipment.”
If the drafters of the insurance policy in question desired to exclude coverage of a racing car, this could have easily been accomplished by using a “racing exclusion” as is found in some policies. A racing exclusion usually denotes that the policy does not apply to any automobile while being operated in any pre-arranged race or speed test.
Moreover, Section 3, Part V (2) of the policy in question specifically and affirmatively excludes a land motor vehicle or trailer while located for use as a residence on premises and not as a vehicle when defining “automobile.” It would seem that the specificity utilized by the drafters of the policy concerning a land motor vehicle or trailer prevents them from attempting to exclude a racing car from coverage under the general definition of “farm type tractor or other equipment.”
I must conclude that the word “equipment,” as it is commonly understood, does not include the racing car in question. The language in the policy which the insurer seizes upon in order to exclude the racing car from coverage is ambiguous. In keeping with the established rule that any ambiguity in an insurance policy must be construed in favor of the insured and against the insurer, I respectfully submit that we should reverse the District Court’s judgment, and find coverage in favor of the plaintiff.
In so concluding, and based upon the jurisprudence, I would also find that the defendant was arbitrary in refusing payment of this claim, and, accordingly would award penalties and attorney’s fees as pro *1391 vided by law. Although an insurer has a right to test its liability on an insurance contract and demand a judicial interpretation of its policy provisions, the company must do so at its own expense and not at the expense of the insured. Rushing v. American Income Insurance Company, 274 So.2d 458 (La.App. 3rd Cir. 1973); Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3rd Cir. 1971); Niles v. American Bankers Insurance Company, 229 So.2d 435 (La.App. 3rd Cir. 1969), writ denied 255 La. 479, 231 So.2d 394 (1970). See also, Sanders v. General American Life Insurance Company, No. 6691, 3rd Circuit La. Court of Appeal, 364 So.2d 1373 (1978).