521 So.2d 634 (1988)
R AND K BLUEBONNET, INC., et al.
v.
PATOUT'S OF BATON ROUGE, INC.
No. CA 87 1233.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Ralph E. Hood, Baton Rouge, for plaintiffs-appellees R and K Bluebonnet, Inc., et al.
*635 Porteus R. Burke, New Iberia, for defendant-appellant Patout's of Baton Rouge, Inc.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
On February 28, 1985, James and Catherine Olinde and their partner, Ben Skillman, sold part of a ten acre tract to Anthony Diez on which he built a restaurant. Another section of the tract was used to build an Exxon station and the Olindes used the remaining four acres for their business, Ralph & Kacoo's Restaurant. The act of sale from the Olindes and Mr. Skillman to Mr. Diez contained the following provision: "[b]uyer agrees that the property herein purchased will not be used as a seafood restaurant for at least sixty (60) months from the date hereof, which agreement shall act as a building restriction on the above described property." After Mr. Diez filed for bankruptcy, Mr. Alex Patout leased the site and opened Patout's Restaurant.
Plaintiffs filed this suit alleging that Patout's was violating the building restriction contained in the original act of sale because approximately one-half of its menu consisted of seafood dishes. The trial court granted plaintiffs the injunctive relief requested which prohibited Patout's from operating the subject property as a "seafood restaurant" and required defendant to remove a number of seafood items from its menu. Patout's appealed, alleging that the trial court erred in finding that the February 28, 1985, act of sale contained an enforceable building restriction.
LSA-C.C. art. 775 states that "[b]uilding restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. The plan must be feasible and capable of being preserved." Comment (e) to article 775 states that building restrictions constitute real rights only in the framework of subdivision planning and must be applied pursuant to a general development plan. If the restrictions are imposed on individual lots without regard to the overall plan, they will not be considered building restrictions.
We find that the trial court erred in holding that the language of the limitation on usage of the subject property was a building restriction within the meaning of articles 775-783. Although plaintiffs contend they were developing a commercial park, it is clear that the restriction was applicable only to the parcel of property purchased by Mr. Diez.
Plaintiffs contend that even if the limitation is not a building restriction, it does meet the requirements for the creation of a predial servitude. LSA-C.C. art. 646 states that "[a] predial servitude is a charge on a servient estate for the benefit of a dominant estate. The two estates must belong to different owners." In Richard v. Broussard, 378 So.2d 959 (La. App. 3d Cir.1979), the restriction in question was inserted as an agreement in the act of sale of the subject property from a parent estate. The court reasoned that two estates were involved and that it was clear that the restriction operated in favor of the property of the vendor from which the vendee's lot was taken. In the instant case, it is apparent that the restriction was meant to operate in favor of the remaining property owned by the vendors from which the parcel sold to Mr. Diez was taken. Therefore, the restriction does meet the requirements for the establishment of a predial servitude and may be enforced by the plaintiffs as such. Although plaintiffs erroneously classified the limitation on use in the instant case as a building restriction, LSA-C.C. art. 731 states that "[a] charge established on an estate expressly for the benefit of another estate is a predial servitude although it is not so designated."
Defendant contends that since the prior tenant of the subject premises served one or two seafood items with the knowledge of the plaintiffs, this constituted an abandonment of the use restriction. See LSA-C.C. art. 782. We note that the provision in question prohibits the use of the subject property as a seafood restaurant; it does not prohibit the serving of any *636 seafood. The plaintiffs knew that a restaurant would be built on the subject property. They intended to prevent the restaurant from operating in direct competition with their business, a seafood restaurant. We find that the trial court was correct in holding that there was no abandonment of the limitation on usage by the plaintiffs in the instant case.
The trial court also held that Patout's was operating a seafood restaurant in violation of the restriction. This decision hinged upon the definition of a "seafood restaurant." In this case, the trial court was afforded the opportunity to hear testimony from the parties who actually created the restriction. The Olindes and Mr. Skillman testified that it was their intent to prohibit a restaurant from operating on the subject property which would offer a great deal of seafood dishes and therefore would directly compete with Ralph & Kacoo's. The trial court's findings are entitled to great weight and cannot be disturbed absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
After a thorough review and evaluation of the record, we are convinced that the trial court was not manifestly erroneous in finding that defendant was operating a seafood restaurant in violation of the usage restriction in the act of sale. We affirm at appellant's cost.
AFFIRMED.