566 So.2d 657 (1990)
E.P. DOBSON, INC., Plaintiff/Applicant,
v.
Wade H. PERRITT, et al., Defendant/Respondent.
No. 21,854-CW.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
*658 Thomas, Dunahoe & Thomas by Robert C. Thomas, Natchitoches, for plaintiff/applicant.
Hatch & Smith by James R. Hatch, Homer, for defendant/respondent, Wade H. Perritt, et ux.
Stewart & Stewart by Jonathan M. Stewart, Arcadia, for defendant/respondent, Alton Bell Ford, et ux.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
HALL, Judge:
Plaintiff, E.P. Dobson, Inc., filed an application for a supervisory writ after the trial court denied its exceptions of no cause and no right of action to the reconventional demand filed by defendants, Wade and Judith Perritt, and denied its motion for summary judgment. We granted the writ and, finding merit to the plaintiff's application, now sustain the exceptions and render judgment in plaintiff's favor.
In June of 1986, Alton and Vernelle Ford, as lessor, and Wade and Judith Perritt, as lessee, executed a lease with option to purchase of a lot in Bienville Parish for a term of 30 years, which lease was recorded in the public records of Bienville Parish. The lease contains the following provision:

"ARTICLE XIII
"AGREEMENT NOT TO COMPETE: Lessor understands that it is the intention of Lessee to construct a self service gas and convenience store on the property leased herein and Lessor hereby agrees (as part of the consideration of Lessee entering into this lease) not to construct or operate a self service gas and convenience store or sell or lease property for the construction of a self service gas or convenience store on property now owned or hereinafter acquired by Lessor in Section 7 or 8, Township 18 North, Range 5 West, of Bienville Parish, Louisiana.
"Lessee understands that Lessor holds a mortgage on Nob Hill Inn and Restaurant pursuant to Credit Sale Deed recorded June 3, 1985, in Mortgage Book 173, Registry No. AC-2943, of the records of Bienville Parish, Louisiana, which is located immediately North on Louisiana Highway No. 151 of the property leased herein and hereby agrees (as part of the consideration of Lessor entering into this lease) not to construct or operate a Motel and/or Restaurant or sell or lease the property leased herein for the operation of a motel and/or restaurant."
In 1988, plaintiff purchased property located within the described area from the Fords. The act of sale did not mention the "non-competition" agreement or restrict the use of the property.
Plaintiff sought by declaratory judgment to have the non-competition provision of the lease declared invalid or inapplicable as to it. The Fords and the Perritts were named as defendants. The Perritts reconvened against the plaintiff seeking an injunction preventing E.P. Dobson, Inc. from operating a self-service gas or convenience store. By cross-claim, the Perritts pursued a breach of contract claim against the Fords which is not before us in this writ application. Plaintiff filed exceptions of no *659 cause and no right of action to the Perritts' reconventional demand and filed a motion for summary judgment on its main demand. The trial court denied the exceptions and motion for summary judgment. Plaintiff applied to this court for supervisory writs, which were granted.
Plaintiff contends that the lease provision is personal to the parties to the lease, that the Perritts cannot assert the provision in the lease agreement against it, and that it is entitled to judgment as a matter of law, relying primarily on Leonard v. Lavigne, 245 La. 1004, 162 So.2d 341 (1964). Defendant contends that the lease provision created a real right and correlative obligation, either a servitude or a building restriction, that the Leonard case is not applicable to this case because the lease here also granted an option to purchase, and that issues of fact remain in dispute precluding summary judgment.
The primary issue for resolution in this case is whether the lease provision is personal to the parties to the lease or a real obligation. Only if the provision is a real obligation affecting the property purchased by it can E.P. Dobson, Inc. be bound by the non-competition agreement contained in the lease of other property by the Fords to the Perritts.
In Leonard, the plaintiff sought to enjoin Lavigne from constructing, operating or maintaining a filling station. Leonard had leased property from Lavigne's vendor and the lease contained a non-competition agreement. Leonard's lessor agreed "not to sell or lease all or any part of the adjoining" property owned by them to anyone who would engage in a competitive business during the period of the lease. Finding that the obligation in the lease was personal to the parties to the lease rather than a real obligation running with the property, the court sustained the exceptions of no cause and no right of action. The court held:
"While the law favors the free and unrestrained use of immovable property, and any doubt in the interpretation of documents dealing therewith are resolved in favor of the landowner, the real obligation must be clearly apparent from the title documents themselves. The stipulation in the contract of lease does not create a real obligation upon the land itself, but is clearly an obligation the lessors placed upon themselves. Consequently, whatever right the plaintiff has for the breach of this obligation must be exercised against his lessors."
Similarly, in Wolfe v. North Shreveport Development Company, 228 So.2d 148 (La. App. 2d Cir.1969), this court affirmed the trial court's granting of exceptions of no cause and no right of action. Plaintiffs operated a shoe store in leased premises in the Southside Village Shopping Center. They sought to enjoin defendant, another lessee, from selling shoes from another location in the shopping center, relying on a non-competition agreement in their lease. Citing Leonard as authority, we maintained the exceptions of no right and no cause of action since the obligation in the lease was personal to the parties to the lease. Plaintiffs' remedy was against their lessor for breach of the lease rather than in an injunction proceeding against the third party.
The Leonard case is directly in point and, supported by the Wolfe decision, compels a holding in this case that the lease provision created only personal rights and obligations between the parties to the lease and not real rights and obligations binding on and inuring to the benefit of subsequent owners of the lessor's remaining property.
Although the lease provisions generally are stated to be binding on the heirs and assigns of the parties, the non-competition agreement does not state that it is a covenant running with the land or binding on future owners of the lessor's other property, nor does the agreement refer to a general plan of development or purport to inure to the benefit of other owners in the area of development. The restriction is for the benefit of this lessee only; not for the benefit of any owner in the affected area. It is personal to the lessee in the operation of the lessee's particular business on the leased property.
*660 Thus, the lease provision does not purport to create a real right and correlative obligation, neither a servitude nor a building restriction, binding on the plaintiff as a purchaser and subsequent owner of part of the lessor's remaining property.
McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960), relied on by defendants, is readily distinguishable. In that case, the residential restriction was executed contemporaneously with and as part of the consideration for a sale of a lot and was expressly stated to be binding on future owners and to constitute a covenant running with the land. The restriction was given effect as a continuous, non-apparent servitude. A similar result was reached under similar facts in R & K Bluebonnet v. Patout's of B.R., 521 So.2d 634 (La.App. 1st Cir.1988). The restriction in the instant case was contained in a lease, not a sale, and could not constitute a predial servitude in that there were not two estates, a dominant and a servient estate, belonging to different owners, which is essential to creation of a predial servitude. LSA-C.C. Art. 646.
The fact that the lease in this case contained an option to purchase is immaterial because an option to purchase does not transfer title or vest the holder of the option with rights of ownership. Until the option is exercised, the grantee has no enforceable rights as owner. Lakeside Dairies v. Gregersen, 217 La. 510, 46 So.2d 752, 757 (1950), appeal after remand 221 La. 503, 59 So.2d 701 (1952). The Perritts cite Lehman v. Rice, 118 La. 975, 43 So. 639 (1907) and Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922) for the proposition that a recorded option to purchase creates a real right in the holder of the option that cannot be defeated by a subsequent sale of the property to a third party. These cases are not applicable to the instant case because the right of the lessee/optionee to purchase the leased property has not been affected as was the situation in the cited cases.
The Perritts argue that the non-competition agreement constitutes a building restriction as defined by LSA-C.C. Arts. 775-783. They contend that the restriction was placed in the lease pursuant to a general plan of development of the area as a commercial or business center or park, pointing to similar non-competition agreements contained in other leases and sales by the Fords in the area.
Building restrictions are sui generis real rights akin to predial servitudes. As noted above, the covenant in this case was made for the benefit of the lessee only; not for the benefit of any owner in the affected area. Separate and different restrictions as to particular business uses contained in separate leases and sales of lots do not amount to a general plan governing building standards, specified uses, and improvements which is feasible and capable of being preserved. See Thornburg v. McMillin, 392 So.2d 1119 (La.App. 3d Cir.1980); R & K Bluebonnet v. Patout's of B.R., supra. In the lease involved here, the restriction is tied to the term of the lease which can be terminated by the parties for any number of reasons personal to the parties to the lease. In fact, the lease here allows termination by the lessee at any time upon giving 60-days notice. Any contemplated plan of development is not capable of being preserved.
Because the non-competition agreement contained in the lease is not a predial servitude or a building restriction but is only a personal right or obligation of the parties to the lease, the lessee cannot enforce the covenant against the purchaser of property from the lessor. Plaintiff's exceptions to the reconventional demand are well-founded and it is entitled to judgment on its main demand as a matter of law.
For the foregoing reasons, the writ is made peremptory, the judgment of the district court is reversed and set aside, and:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of E.P. Dobson, Inc. against Wade and Judith Perritt: (1) sustaining the exceptions of no cause and right of action and dismissing the Perritts' reconventional demand against E.P. Dobson, Inc.; and (2) declaring that the non-competition provision *661 contained in Article XIII of the lease agreement between Alton and Vernelle Ford and Wade and Judith Perritt affecting property located in section 7 or 8, Township 18 North, Range 5 West, Bienville Parish, Louisiana, is of no effect as to E.P. Dobson, Inc.
Costs of these proceedings including the costs of appeal are assessed to Wade and Judith Perritt.
REVERSED AND RENDERED.