772 So.2d 42 (2000)
Columbus Rickey ASHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2736.
District Court of Appeal of Florida, First District.
September 28, 2000.
Rehearing Denied December 12, 2000.
Nancy A. Daniels, Public Defender; Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Columbus Rickey Ashley, appeals his conviction and habitual violent felony (HVFO) sentence for possession of a firearm by a convicted felon. We affirm.
Appellant's challenge to his conviction does not warrant discussion. However, we briefly address the issue regarding his HVFO sentence. It is undisputed that the State was seeking an HVFO sentence and that all of the sentencing proceedings dealt with the issue of Appellant's qualification as an HVFO. At the first sentencing hearing, the State proved and both Appellant and the trial court accepted that Appellant qualified as an HVFO. The possibility of an HFO sentence was never discussed, nor did the State file a notice of intent to seek HFO sentencing or prove that Appellant would qualify as an HFO. After Appellant's qualification as an HVFO was established, the discussions centered around what length of HVFO sentence Appellant should receive. Appellant asked for the 10-year minimum, while the State sought the 30-year maximum with the 10-year minimum mandatory. On the following day, the trial court mistakenly imposed a 25-year HFO sentence instead of an HVFO sentence. Three days later, the trial court corrected its mistake and imposed a 25-year HVFO sentence with a 10-year minimum mandatory term.
Appellant argues that the trial court violated Double Jeopardy when it imposed the HVFO sentence three days after mistakenly imposing an habitual felony offender (HFO) sentence. It is well-established that a trial court cannot set aside a legal sentence and then impose a harsher sentence after the initial sentence commenced. See Hopping v. State, 708 *43 So.2d 263 (Fla.1998); Troupe v. Rowe, 283 So.2d 857 (Fla.1973). However, "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." United States v. DiFrancesco, 449 U.S. 117, 135, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In this case, Troupe and Hopping do not apply because the trial court neither changed its mind nor initially imposed a legal sentence. The trial court's initial imposition of an HFO sentence was the result of a simple mistake about what had been noticed and then proven the day before. It was not a discretionary judgment based on the facts to impose a lighter sentence. See Harris v. State, 645 So.2d 386, 388 (Fla.1994). Thus, Appellant had no expectation of finality after the trial court imposed the first sentence, and jeopardy did not attach.
Accordingly, we AFFIRM Appellant's conviction and sentence.
BARFIELD, C.J., MINER and PADOVANO, JJ., CONCUR.